# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Joseph Michael Jones | : | Case No. 13-52908 |
| | | : | Chapter 13 |
| | | : | Judge Caldwell |

### CHAPTER 13 TRUSTEE'S APPROVAL
### OF DEBTOR'S APPLICATION TO INCUR DEBT

Now comes Frank M. Pees, Chapter 13 Trustee, and hereby provides notice to the Court of the Debtor's application to incur post-petition debt (see Application attached hereto). The Debtor is proposing to incur debt for the purpose of purchasing a vehicle.

Pursuant to Local Bankruptcy Rule 4001-3, and upon review of the Debtor's application, the Trustee APPROVES said application to incur debt under the terms outlined in the application. *(Debtor to provide all sale proceeds from car sale to plan for distribution within 30 days from sale)*

Dated: 10/27/14

_Frank Pees_
**Frank M. Pees**
Chapter 13 Trustee
130 East Wilson Bridge Road, Suite # 200
Worthington, Ohio 43085-6300
(614) 436-6700
trustee@ch13.org

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

IN RE:       Joseph Michael Jones        :       Case No. 13-52908

:       Chapter 13

:       Judge Caldwell

**CERTIFICATE OF SERVICE**

Frank M. Pees, Trustee, certifies that on this 28th day of October, 2014 a copy of this Chapter 13 Trustee's Approval of Debtor's Application to Incur Debt was served on the following registered ECF participants, **electronically**, through the court's ECF System at the email address registered with the court:

US Trustee
Frank M. Pees
Allen B. Aimar, Jr.
Peter H. Riddell

and on the following by **ordinary U.S. Mail** addressed to:

Joseph Michael Jones
12563 Bentley Drive NW
Pickerington, OH 43147

_____
**Frank M. Pees**
Chapter 13 Trustee
130 East Wilson Bridge Road, Suite # 200
Worthington, Ohio  43085-6300
(614) 436-6700
trustee@ch13.org

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

In re: Joseph Michael Jones  :  Case No.  13-52908

:  Chapter 13

:  Judge  Caldwell

### APPLICATION TO INCUR DEBT

This application must be completed by Debtor(s)' bankruptcy attorney.  Please review Local Bankruptcy Rule 4001-3 for guidance.

**PLEASE NOTE THAT INCOMPLETE APPLICATIONS WILL NOT BE APPROVED.**

**Reasons the Debtor needs credit.**

☒ Purchase Vehicle        ☐ Purchase Home/Acreage        ☐ Purchase Tools

☐ Repair House            ☐ Repair Vehicle               ☐ Refinance Vehicle

☐ Refinance Mortgage      ☐ Obtain Student Loan          ☐ Other

**Is this a re-submission after a previous denial?**                    ☒ Yes

Please indicate how this application addresses the reason for denial.  Please do not re-submit unless all issues that resulted in the denial are addressed.

Court ordered that the 2005 Jeep Liberty be sold free and clear of liens (Doc. #85).

**Have any previous post-petition requests for credit been made?**       ☐ Yes

**(1) A statement in support of the feasibility of the request, and the reason credit is needed:**

Credit is required to purchase a used vehicle to replace the debtor's current vehicle. Debtor's current vehicle is a 2005 Jeep Liberty that has 150,000+ miles and significant repairs are needed to the vehicle to include new tires, a new alternator, the air conditioning no longer works, the left rear power window is inoperable, the rear defrost is inoperable. Moreover, the current vehicle gets only about 16 mpg, whereas the vehicle he is applying to purchase gets approximately 40 mpg.

The request is feasible for the following reasons:
1. Although Debtor has seen a decrease in his average monthly pay from $3,343.16 to approximately $2,984 as of the date of this application, Debtor has also been able to reduce his monthly expenses from $2,930.05 on the date he filed his petition to $2,379 as of the date of this application resulting in a net monthly income of $191.89 exclusive of the $413.11 monthly plan payment.
2. Additionally, Debtor's monthly expenses will be reduced by at least $200 in reduced transportation costs due to the new vehicle having better gas mileage than the current vehicle.

Based on this information it appears that Debtor will be able to acquire the property without

hardship, and that secured and unsecured debts will be unaffected by this application.

**(2) A description of the item to be purchased or the collateral affected by the credit to be obtained:**
2013 Hyundai Veloster

**(3) A description of the interest held by any other entity in any collateral affected by the credit:**
None

**(4) A description of any method or proposal by which an interest held by any other entity in the collateral affected by the credit may be protected:**
N/A

**(5) The terms of financing:**
   (a) Loan Amount        $17,282.82
   (b) Monthly Payment   $377.29
   (c) Term of Loan       72 months
   (d) Interest Rate       15.99%

**(6) Down Payment?**    ☒ Yes
   (a) Amount of Down Payment  $500
   (b) Source of the down payment. (Debtor savings, gift from family, insurance proceeds, tax refund, bonus, etc.) List all that apply and the amounts for each category

   Debtor savings

**(7) Have the prospective payments for this collateral already been provided for in the plan or schedules?** (i.e. Schedule J provided for anticipated car payment. Plan payment scheduled to decrease when lease expired.) ☐ Yes

**(8) Does the plan need to be modified in order to make this application feasible?** ☐ Yes

**(9) Please attach Amended Schedules I and J supporting the feasibility of this application.**

**(10) Please provide all available loan documentation, purchase agreement, and/or financing information regarding the request.**

**(11) Please provide any additional information as appropriate:**
This is the third application to incur debt with the previous two being denied. The proposed vehicle to be purchased has changed from the first application as that vehicle sold between that application being denied and the second application being resubmitted. The monthly payment amount increased approximately $8/month. To Debtor's and counsels knowledge, the vehicle is still available.

## Purchase Vehicle

*Please note that the Trustee will not approve financing for gap insurance, extended warranty, credit, life, or disability insurance.*

**(1) Please indicate the make, model, year, and mileage of the vehicle that the debtor proposes to purchase.**
   2013 Hyundai Veloster; 12,942 miles

**(2) List all vehicles the debtor had at the time of filing, any additional vehicles being used by the debtor, and the condition of all the vehicles.**

2005 Jeep Liberty - is in decent condition, but requires significant repairs for Debtor to continue to maintain it.

**(3) Has the debtor obtained any vehicles since the time of filing?**  ☐ Yes

(a) Please indicate how debtor acquired these vehicles

(b) Please indicate if the vehicle(s) are currently in the possession of the debtor, and if not, indicate what happened to these vehicles.

**(4) Is the debtor trading in a vehicle as part of the purchase?**  ☒ Yes

(a) Indicate which vehicles

2005 Jeep Liberty

*Please seek the appropriate approvals to sell, as needed, pursuant to LBR 6004-1. Please note that the sale proceeds that are needed to pay in full the secured portion of a claim, for ANY vehicle that is being paid through the plan, need to come into the plan for distribution to the lienholder.*

**(5) Does vehicle need to be purchased due to high costs of repair?**  ☒ Yes

(a) Cost of repair (please attach estimates of costs to repair)

Debtor has not had any written estimates of the costs to repair

**(6) Is Debtor purchasing a vehicle to replace a damaged vehicle?**  ☐ Yes


Respectfully Submitted,

/s/ Allen B. Aimar, Jr.


Allen B. Aimar, Jr.
194 W. Johnstown Road
Gahanna, Ohio 43230
614-478-3676
614-478-4573 fax
aaimar@riddellcolpa.net

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing was served upon the Debtor(s) by U.S. mail, postage prepaid this 27th day of October 2014.

Debtor(s)

/s/ Allen B. Aimar, Jr.

/s/ Allen B. Aimar, Jr.

LAW® 553-OH-ARB-eps 9/12                                    123715

# RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number _____ Contract Number __123715__

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| JOSEPH JONES<br>12563 BENTLEY DR<br>PICKERINGTON, OH 43147-8518<br>FAIRFIELD | | HBL AUTOMOTIVE INC. DBA LINDSAY ACURA<br>5880 SCARBOROUGH BLVD<br>COLUMBUS, OH 43232 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2013 | HYUNDAI VELOSTER | KMHTC6AD1DU165008 | ☐ estimate<br>☒ actual<br>12942 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural  ☐ _____ |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $500.00 |
|---|---|---|---|---|
| 15.99 % | $ 9882.06 | $ 17282.82 | $ 27164.88 | $ 27664.88 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | 377.29 | Monthly beginning 11/21/2014 |

Or As Follows:
N/A

**Late Charge.** If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is __greater__.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE:** ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**WARRANTIES SELLER DISCLAIMS**
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

Buyer Signs X _____   Co-Buyer Signs X _____N/A_____

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price of vehicle, accessories, and taxes — $17499.32 (1)
2. Other charges including amounts paid to others on your behalf
   (Seller may keep part of these amounts):
   - A. Government taxes not included in line 1 above — $ N/A
   - B. Government license and/or registration fees
     30-DAY TAG — $ 18.50
   - C. Government certificate of title fees — $ 15.00
   - D. Net trade-in payoff to N/A — $ 0.00
   - E. Optional Gap Contract — $ N/A
   - F. Documentary Fee — $ 250.00
   - G. Other Charges (Seller must identify who is paid and describe purpose.)
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
     - to N/A  for N/A — $ N/A
   
   Total other charges and amounts paid to others on your behalf — $ 283.50 (2)
3. Total cash price (1 + 2) — $17782.82 (3)
4. Downpayment
   - Gross trade-in $ 3190.00 -payoff by seller — $ 3190.00
   - = net trade-in $ N/A +cash — $ 500.00
   - +other (describe) N/A — $ N/A
   - Total downpayment = (if negative enter "0" and see line 2D above) — $ 500.00 (4)
5. Unpaid balance of cash price (3 minus 4) — $17282.82 (5)
6. Insurance
   - A. Cost of optional credit insurance paid to insurance company or companies
     - Life N/A — $ N/A
     - Disability N/A — $ N/A — $ N/A
   - B. Other optional insurance paid to Insurance Company or Companies — $ N/A
   - Total insurance charges — $ N/A (6)
7. Amount financed (principal balance) (5 + 6) — $17282.82 (7)
8. Finance charge — $ 9882.06 (8)
9. Total of payments (time balance) (7 + 8) — $27164.88 (9)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, Item 7, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos.   N/A
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _____

**Limited Right to Cancel**
☐ If checked, a limited right to cancel applies:
You agree that we have N/A days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see page 4 of this contract for important terms of this limited right to cancel.**

_____ N/A _____
Buyer Initials   Co-Buyer Initials

Buyer Signs X _____  Co-Buyer Signs X _____ N/A

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both
Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A
Insurance Company Name
N/A
Home Office Address
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ N/A    N/A
Type of Insurance    Term
Premium $ N/A
Insurance Company Name
N/A
Home Office Address
N/A

☐ N/A    N/A
Type of Insurance    Term
Premium $ N/A    N/A
Insurance Company Name
N/A
Home Office Address
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X _____ N/A _____
Buyer Signature    Date

X _____ N/A _____
Co-Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Amount of Security Interest Recording Fee Paid In Cash
$ _____ N/A

Returned Check Charge: You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

LAW 553-OH-ARB-eps 9/12 v1   Page 2 of 5
10/07/2014  03:11 pm

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.  Buyer Signs X_____ Co-Buyer Signs X____N/A_____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration clause below, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X_____ Date _10/07/2014_ Co-Buyer Signs X____N/A_____ Date _____

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X_____  Address __N/A__

Seller signs __HBL AUTOMOTIVE INC. DBA LINDSAY ACURA__ Date _10/07/2014_ By X_____ Title ___

| Seller assigns its interest in this contract to **PRESTIGE FINANCIAL SERVICES** | (Assignee) under the terms of Seller's agreement(s) with Assignee. |
|---|---|
| Assigned without or with limited recourse<br>HBL AUTOMOTIVE INC. DBA LINDSAY ACURA | Assigned with recourse |
| Seller        By        Title | Seller        By        Title |

### ARBITRATION CLAUSE
#### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York, 10019 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

**LAW®** FORM NO. 553-OH-ARB-eps (REV. 9/12)  U S PATENT NO. D460,762
©2012 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

10/07/2014  03:11 p
*LAW 553-OH-ARB-eps 9/12 v1    Page 5 of 5*

HBL AUTOMOTIVE INC. DBA LINDSAY ACURA
5880 SCARBOROUGH BLVD
COLUMBUS   43232

# RETAIL PURCHASE AGREEMENT

Deal #: 123715
Stock #: 214-754B

Purchaser's Name(s): JOSEPH JONES
Date: 10/07/2014
Address: 12563 BENTLEY DR   PICKERINGTON, OH   43147-8518
County: FAIRFIELD
Home Telephone: 614/296-0264       Work Telephone: 614/948-4602       Cell:
Email: _____  D.L./State I.D.#: _____   Issuing State: ____   Exp. Date: / /

The above information has been requested so that we may verify your identity. By signing below, you represent that you are at least 18 years of age and have authority to enter into this Agreement. The Odometer Reading for the Vehicle you are purchasing is accurate unless indicated otherwise. Please refer to the Federal Mileage Statement for full disclosure.

| YEAR | MAKE | MODEL | COLOR | TYPE |
|---|---|---|---|---|
| 2013 | HYUNDAI | VELOSTER | BLUE | 214-754B |
| VIN/SERIAL NO. KMHTC6AD1DU165008 | | ODOMETER READING ☐ Not Accurate  12942 | SALESPERSON | |
| THE VEHICLE IS: ☐ NEW ☒ USED | PRIOR USE DISCLOSURE: ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL ☐ RENTAL ☐ OTHER | | | TO BE DELIVERED ON OR ABOUT 10/07/2014 |

### WARRANTY STATEMENT

We are selling this Vehicle to you AS-IS and we expressly disclaim all warranties, express and implied, including any implied warranties of merchantability and fitness for a particular purpose, unless the box beside "USED VEHICLE LIMITED WARRANTY APPLIES" is marked below or we enter into a service contract with you at the time of, or within 90 days of, the date of this transaction. Any warranties by a manufacturer or supplier other than our Dealership are theirs, not ours, and only such manufacturer or supplier shall be liable for performance under such warranties. We neither assume nor authorize any other person to assume for us any liability in connection with the sale of the Vehicle and the related goods and services. CONTRACTUAL DISCLOSURE STATEMENT (USED VEHICLES ONLY) The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. Traducción española: Vea el dorso.

☐ USED VEHICLE LIMITED WARRANTY APPLIES. We are providing the attached Limited Warranty. Any implied warranties apply for the duration of the Limited Warranty.

X_____   X_____

| | Amount |
|---|---|
| CASH PRICE OF VEHICLE | 16377.00 |
| TOTAL WE OWES | N/A |
| | N/A |
| | N/A |
| | N/A |
| | N/A |
| | N/A |
| | N/A |
| | N/A |

### TRADE-IN VEHICLE INFORMATION

| Trade-In (1) Year: | Make: | Model: | Color: |
|---|---|---|---|
| VIN/Serial No: | | Odometer Reading: ☐ Not Accurate | |
| Trade-In Allowance (1): 3190.00 | | Payoff & Lienholder: 3190.00 | |
| Trade-In (2) Year: | Make: | Model: | Color: |
| VIN/Serial No: | | Odometer Reading: ☐ Not Accurate | |
| Trade-In Allowance (2): N/A | | Payoff & Lienholder: N/A | N/A |

NEGATIVE EQUITY: You are aware that the Payoff on your Trade-In/Lease Turn-In Vehicle exceeds the Trade-In Allowance from us and, as a result, you have requested that the Total Due be increased by $ N/A  . X_____

**DEPOSIT/PARTIAL PAYMENT: The Cash Deposit/Partial Payment/Down Payment is not refundable, except as set forth in this Agreement. In the case of a Deposit, we will refrain from selling the vehicle for 3 days.

### OTHER MATERIAL UNDERSTANDINGS AND INTEGRATED DOCUMENTS

PLEASE SEE THE VEHICLE DELIVERY REPORT **AND ATTACHED AGREEMENT TO ARBITRATE**

| | Amount |
|---|---|
| *DOCUMENTARY SERVICE FEE | 250.00 |
| TOTAL SELLING PRICE | 16627.00 |
| LESS TRADE-IN ALLOWANCE | 3190.00 |
| TAXABLE AMOUNT | 16627.00 |
| SALES TAX | 1122.32 |
| TITLE FILING FEE | 15.00 |
| REGISTRATION FEE | 18.50 |
| CREDIT INSURANCE | N/A |
| PLUS PAYOFF ON TRADE-IN(S) | 3190.00 |
| TOTAL DUE | 17782.82 |
| LESS PARTIAL PAYMENT/DOWN PAYMENT ** (Please see Reverse Side) | -500.00 |
| LESS REBATE/FACTORY INCENTIVE | N/A |
| OTHER | N/A |

*Documentary Service Fee: This fee is charged by the Dealership for performing administrative services and processing documents related to the closing of a sale. This fee is charged by the

| Dealership in accordance with O.R.C.§ 4517.261. | UNPAID BALANCE DUE | 17282.82 |
|---|---|---|

**Waiver of Jury Trial:** The Dealership and Purchaser knowingly, voluntarily and intentionally waive any right they may have to a trial by jury in any litigation based upon or arising out of this Agreement, any document related to this transaction, or any course of conduct, dealing, statements (whether oral or written), or any act of Dealership or Purchaser.

☐ **LIMITED RIGHT TO CANCEL APPLIES:** If you have entered into a Spot Delivery Agreement-Limited Right to Cancel, the sale of the Vehicle is conditioned on final approval of financing by, or assignment of the Retail Installment Sale Contract to a lender. If final financing approval is not obtained and/or the Contract cannot be assigned, you or the Dealership may cancel the Contract in accordance with this Agreement, the Spot Delivery Agreement-Limited Right to Cancel, and the Retail Installment Sale Contract; **please read these documents and Paragraph 15 on the reverse side for important details.**

The front and back of this document and any documents which are part of this transaction or incorporated herein comprise the entire agreement affecting this Retail Purchase Agreement and no other agreement or understanding of any nature concerning the same has been made or entered into, or will be recognized. I have read the terms and conditions of this Agreement, including the terms and conditions that appear on the reverse side, and agree to them as if they were printed above my signature. I further acknowledge receipt of a copy of this Agreement. This Agreement shall not become binding until signed and accepted by an Authorized Dealership Representative.

_____  10/07/2014        _____  10/07/2014
Purchaser                       Date          Accepted by Authorized Dealership Representative    Date

_____        
Purchaser                       Date

CATALOG #8963015-17634            Copyright © 2014, DealerCAR All rights reserved. Ohio (06/14)